FILED

2013 DEC -5  PM 3:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   LANE DILG (Cal. Bar No. 277220)
4  Assistant United States Attorney
   Public Corruption and Civil Rights Section
5      1300 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone:  (213) 894-3493
7      Facsimile:  (213) 894-6436
       E-mail:    lane.dilg@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11                    UNITED STATES DISTRICT COURT

12                FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,            No. CR 13-476(A)-BRO

14          Plaintiff,                   PLEA AGREEMENT FOR DEFENDANT
                                         RALPH ALLEN JACKSON, JR.
15          v.

16  RALPH ALLEN JACKSON, JR.,
      aka "Mac Wimp,"
17    aka "R.J.,"

18          Defendant.

19       1.    This constitutes the plea agreement between defendant

20  RALPH ALLEN JACKSON, JR. ("defendant") and the United States

21  Attorney's Office for the Central District of California ("the

22  USAO") in the above-captioned case.  This agreement is limited to

23  the USAO and cannot bind any other federal, state, local, or foreign

24  prosecuting, enforcement, administrative, or regulatory authorities.

25                     DEFENDANT'S OBLIGATIONS

26       2.    Defendant agrees to:

27          a)    Give up the right to indictment by a grand jury and,

28  at the earliest opportunity requested by the USAO and provided by

                                   1

1 the Court, appear and plead guilty to a single-count information in
2 the form attached to this agreement as Exhibit A or a substantially
3 similar form, which charges defendant with Conspiracy to Engage in
4 Sex Trafficking of a Child in violation of Title 18, United States
5 Code, Section 1594(c).

6       b)   Not contest facts agreed to in this agreement.

7       c)   Abide by all agreements regarding sentencing
8 contained in this agreement.

9       d)   Appear for all court appearances, surrender as
10 ordered for service of sentence, obey all conditions of any bond,
11 and obey any other ongoing court order in this matter.

12       e)   Not commit any crime; however, offenses that would be
13 excluded for sentencing purposes under United States Sentencing
14 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are
15 not within the scope of this agreement.

16       f)   Be truthful at all times with Pretrial Services, the
17 United States Probation Office, and the Court.

18       g)   Pay the applicable special assessment at or before
19 the time of sentencing unless defendant lacks the ability to pay and
20 prior to sentencing submits a completed financial statement on a
21 form to be provided by the USAO.

22       h)   Not seek the discharge of any restitution obligation,
23 in whole or in part, in any present or future bankruptcy proceeding.

24       i)   Agree to and not oppose the imposition of a term
25 of supervised release of no less than 8 years under the following
26 conditions of probation or supervised release:

27       i)   The defendant shall register as a sex offender,
28 and keep the registration current, in each jurisdiction where he

1  resides, where he is an employee, and where he is a student, to the
2  extent the registration procedures have been established in each
3  jurisdiction.  When registering for the first time, the defendant
4  shall also register in the jurisdiction in which the conviction
5  occurred if different from his jurisdiction of residence.  The
6  defendant shall provide proof of registration to the Probation
7  Officer within three days of release from imprisonment.
8          ii)   The defendant shall not contact the victims by
9  any means, including in person, by mail or electronic means, or via
10 third parties.  Further, the defendant shall remain at least 100
11 yards from the victims at all times.  If any contact occurs, the
12 defendant shall immediately leave the area of contact, and report
13 the contact to the Probation Officer.
14          iii)  The defendant shall not associate or have
15 verbal, written, telephonic, or electronic communication with any
16 person under the age of 18, except his own children, except:  a) in
17 the presence of the parent or legal guardian of said minor; and b)
18 on the condition that the defendant notify said parent or legal
19 guardian of his conviction in the instant offense/prior offense.
20 This provision does not encompass persons under the age of 18, such
21 as waiters, cashiers, ticket vendors, etc., with whom the defendant
22 must deal with in order to obtain ordinary and usual commercial
23 services.
24          iv)   The defendant's employment shall be approved by
25 the Probation Officer, and any change in employment must be pre-
26 approved by the Probation Officer.  The defendant shall submit the
27 name and address of the proposed employer to the Probation Officer
28 at least 10 days prior to any scheduled change.

1          j)   At the time of sentencing, not seek a sentence of

2     less than 60 months' imprisonment.

3                      THE USAO'S OBLIGATIONS

4          3.   The USAO agrees to:

5          a)   Not contest facts agreed to in this agreement.

6          b)   Abide by all agreements regarding sentencing

7     contained in this agreement.

8          c)   At the time of sentencing, move to dismiss the

9     underlying indictment as against defendant.  Defendant agrees,

10    however, that at the time of sentencing the Court may consider any

11    dismissed charges in determining the applicable Sentencing

12    Guidelines range, the propriety and extent of any departure from

13    that range, and the sentence to be imposed.

14         d)   At the time of sentencing, provided that defendant

15    demonstrates an acceptance of responsibility for the offense up to

16    and including the time of sentencing, recommend a two-level

17    reduction in the applicable Sentencing Guidelines offense level,

18    pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move

19    for an additional one-level reduction if available under that

20    section.

21         e)   At the time of sentencing, not seek a sentence of

22    more than 120 months' imprisonment.

23                      NATURE OF THE OFFENSE

24         4.   Defendant understands that for defendant to be guilty of

25    the crime charged in the single-count information, that is,

26    Conspiracy to Engage in Sex Trafficking of a Child, in violation of

27    Title 18, United States Code, Section 1594(c), the following must be

28    true: First, beginning on an unknown date, and continuing to on or

                                4

1   about June 18, 2013, there was an agreement between two or more

2   persons to commit sex trafficking of a child, in violation of 18

3   U.S.C. § 1591(a)(1); second, defendant became a member of the

4   conspiracy knowing of its object and intending to help accomplish

5   it; and third, the recruiting, enticing, harboring, transporting,

6   providing or obtaining was done in or affecting interstate commerce

7   or foreign commerce.

8       5.   Defendant understands that the elements of sex trafficking

9   of a child, in violation of 18 U.S.C. § 1591(a)(1), are: (1)

10   defendant knowingly recruited, enticed, harbored, transported,

11   provided, obtained, or maintained a person; (2) defendant did so

12   knowing or in reckless disregard of the fact that the person was

13   under the age of 18; (3) defendant did so knowing that the person

14   would be caused to engage in a commercial sex act; and (4)

15   defendant's actions were in and affecting interstate/foreign

16   commerce.

17                   <u>PENALTIES AND RESTITUTION</u>

18       6.   Defendant understands that the statutory maximum sentence

19   that the Court can impose for a violation of Title 18, United States

20   Code, Section 1594(c), is: life imprisonment; a lifetime period of

21   supervised release; a fine of $250,000, or twice the gross gain or

22   gross loss resulting from the offense, whichever is greatest; and a

23   mandatory special assessment of $100.

24       7.   Defendant understands that supervised release is a period

25   of time following imprisonment during which defendant will be

26   subject to various restrictions and requirements.  Defendant

27   understands that if defendant violates one or more of the conditions

28   of any supervised release imposed, defendant may be returned to

1  prison for all or part of the term of supervised release authorized
2  by statute for the offense that resulted in the term of supervised
3  release.

4      8.   Defendant understands that as a condition of supervised
5  release, under Title 18, United States Code, Section 3583(d),
6  defendant will be required to register as a sex offender.  Defendant
7  understands that independent of supervised release, he will be
8  subject to federal and state registration requirements, for a
9  possible maximum term of registration up to and including life.
10  Defendant further understands that, under Title 18, United States
11  Code, Section 4042(c), notice will be provided to certain law
12  enforcement agencies upon his release from confinement following
13  conviction.

14      9.   Defendant understands and agrees that pursuant to Title
15  18, United States Code, Section 1593, defendant will be required to
16  pay full restitution to the victims of the offense to which
17  defendant is pleading guilty.  Defendant agrees that, in return for
18  the USAO's compliance with its obligations under this agreement, the
19  Court may order restitution to persons other than the victims of the
20  offenses to which defendant is pleading guilty and in amounts
21  greater than those alleged in the count to which defendant is
22  pleading guilty.  In particular, defendant agrees that the Court may
23  order restitution to any victim of any of the following for any
24  losses suffered by that victim as a result: (a) any relevant
25  conduct, as defined in U.S.S.G. § 1B1.3, in connection with the
26  offenses to which defendant is pleading guilty; and (b) any count
27  dismissed pursuant to this agreement as well as all relevant
28  conduct, as defined in U.S.S.G. § 1B1.3, in connection with that

6

1   count, but recognize and agree that this amount could change based

2   on facts that come to the attention of the parties prior to

3   sentencing.

4       10.   Defendant understands that, by pleading guilty, defendant

5   may be giving up valuable government benefits and valuable civic

6   rights, such as the right to vote, the right to possess a firearm,

7   the right to hold office, and the right to serve on a jury.

8   Defendant understands that once the court accepts defendant's guilty

9   plea, it will be a federal felony for defendant to possess a firearm

10  or ammunition.   Defendant understands that the conviction in this

11  case may also subject defendant to various other collateral

12  consequences, including but not limited to revocation of probation,

13  parole, or supervised release in another case and suspension or

14  revocation of a professional license.   Defendant understands that

15  unanticipated collateral consequences will not serve as grounds to

16  withdraw defendant's guilty plea.

17      11.   Defendant understands that, if defendant is not a United

18  States citizen, the felony conviction in this case may subject

19  defendant to: removal, also known as deportation, which may, under

20  some circumstances, be mandatory; denial of citizenship; and denial

21  of admission to the United States in the future.   The court cannot,

22  and defendant's attorney also may not be able to, advise defendant

23  fully regarding the immigration consequences of the felony

24  conviction in this case.   Defendant understands that unexpected

25  immigration consequences will not serve as grounds to withdraw

26  defendant's guilty plea.

27

28

7

FACTUAL BASIS

12.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on an unknown date, and continuing to on or about June 18, 2013, defendant conspired and agreed with J.S. to recruit, entice, harbor, transport, provide, obtain, and maintain J.N., who was at the time 17 years old, knowing and in reckless disregard of the fact that J.N. was under the age of 18 years old and would be caused to engage in commercial sex acts.

Defendant, who used the moniker "Mac Wimp," trafficked four victims – three adults and a minor – in the Long Beach area in June 2013.  He drove the victims to known areas for prostitution, told them to engage in sex acts for money, and gave them quotas they must meet each day.  The victims gave defendant some or all of the money they made from sex acts.  Defendant monitored, coerced, and manipulated the victims so they would continue to perform sex acts for his financial benefit.  J.S. acted as defendant's "bottom," recruiting and monitoring other victims for defendant.

On an unknown date, J.S. recruited J.N. to work for defendant. Defendant gave J.N. rules she must follow, including that she must answer his calls, that she must charge certain amounts for sex acts,

8

that she must work until she made a certain amount of money each day, and that she must give the money she made to him.  Between on or about May 31, 2013, and June 18, 2013, J.N. performed up to 50 commercial sex acts with adult males at defendant's direction.  She turned over some or all of the money she made to defendant.  When she broke defendant's rules or did not make the quota he set, defendant punished her by, for example, verbally abusing her. Throughout this time period, defendant knew that J.N. was a minor. Among other reasons, he knew that she was under the age of 18 because she acted immaturely and like a child.  Defendant's actions were in and affecting interstate commerce; among other things, defendant and J.S. used cellular telephones that had been shipped and transported in interstate and foreign commerce to communicate with J.N. about and to facilitate her commercial sex acts.

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

9

14.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 30 | [U.S.S.G. § 2G1.3(a)(2)] |
| Unduly Influenced Minor: | +2 | [U.S.S.G. § 2G1.3(b)(2)] |
| Vulnerable Victim: | +2 | [U.S.S.G. § 3A1.1(b)(1)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  The government specifically reserves the right to argue that a 2-level upward adjustment for commission of a sex act applies pursuant to U.S.S.G. § 2G1.3(4)(A).

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7), subject to the agreements set forth above in paragraphs 2.j. and 3.e.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a)   The right to persist in a plea of not guilty.

b)   The right to a speedy and public trial by jury.

c)   The right to be represented by counsel – and if necessary have the court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the court appoint counsel - at every other stage of the proceeding.

1        d)    The right to be presumed innocent and to have the

2  burden of proof placed on the government to prove defendant guilty

3  beyond a reasonable doubt.

4        e)    The right to confront and cross-examine witnesses

5  against defendant.

6        f)    The right to testify and to present evidence in

7  opposition to the charges, including the right to compel the

8  attendance of witnesses to testify.

9        g)    The right not to be compelled to testify, and, if

10  defendant chose not to testify or present evidence, to have that

11  choice not be used against defendant.

12        h)    Any and all rights to pursue any affirmative

13  defenses, Fourth Amendment or Fifth Amendment claims, and other

14  pretrial motions that have been filed or could be filed.

15                WAIVER OF RETURN OF DIGITAL DATA

16     18.  Understanding that the government has in its possession

17  digital devices and/or digital media seized from defendant,

18  defendant waives any right to the return of digital data contained

19  on those digital devices and/or digital media and agrees that if any

20  of these digital devices and/or digital media are returned to

21  defendant, the government may delete all digital data from those

22  digital devices and/or digital media before they are returned to

23  defendant.

24                WAIVER OF APPEAL OF CONVICTION

25     19.  Defendant understands that, with the exception of an

26  appeal based on a claim that defendant's guilty plea was

27  involuntary, by pleading guilty defendant is waiving and giving up

28

1  any right to appeal defendant's conviction on the offense to which

2  defendant is pleading guilty.

3                 LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

4      20.  Defendant agrees that, provided the Court imposes a total

5  term of imprisonment on all counts of conviction of no more than 120

6  months' imprisonment, defendant gives up the right to appeal all of

7  the following: (a) the procedures and calculations used to determine

8  and impose any portion of the sentence; (b) the term of imprisonment

9  imposed by the Court; (c) the fine imposed by the court, provided it

10  is within the statutory maximum; (d) the amount and terms of any

11  restitution order; (e) the term of probation or supervised release

12  imposed by the Court, provided it is within the statutory maximum;

13  and (f) any of the following conditions of probation or supervised

14  release imposed by the Court: the conditions set forth in General

15  Orders 318, 01-05, and/or 05-02 of this Court; the drug testing

16  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

17  drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any

18  conditions of probation or supervised release agreed to by defendant

19  in paragraph 2 above.

20      21.  The USAO agrees that, provided (a) all portions of the

21  sentence are at or below the statutory maximum specified above and

22  (b) the Court imposes a term of imprisonment of no less than 60

23  months' imprisonment, the USAO gives up its right to appeal any

24  portion of the sentence, with the exception that the USAO reserves

25  the right to appeal the amount of restitution ordered.

26                RESULT OF WITHDRAWAL OF GUILTY PLEA

27      22.  Defendant agrees that if, after entering a guilty plea

28  pursuant to this agreement, defendant seeks to withdraw and succeeds

1 in withdrawing defendant's guilty plea on any basis other than a
2 claim and finding that entry into this plea agreement was
3 involuntary, then (a) the USAO will be relieved of all of its
4 obligations under this agreement; and (b) should the USAO choose to
5 pursue any charge that was either dismissed or not filed as a result
6 of this agreement, then (i) any applicable statute of limitations
7 will be tolled between the date of defendant's signing of this
8 agreement and the filing commencing any such action; and
9 (ii) defendant waives and gives up all defenses based on the statute
10 of limitations, any claim of pre-indictment delay, or any speedy
11 trial claim with respect to any such action, except to the extent
12 that such defenses existed as of the date of defendant's signing
13 this agreement.

14       EFFECTIVE DATE OF AGREEMENT

15   23. This agreement is effective upon signature and execution
16 of all required certifications by defendant, defendant's counsel,
17 and an Assistant United States Attorney.

18        BREACH OF AGREEMENT

19   24. Defendant agrees that if defendant, at any time after the
20 signature of this agreement and execution of all required
21 certifications by defendant, defendant's counsel, and an Assistant
22 United States Attorney, knowingly violates or fails to perform any
23 of defendant's obligations under this agreement ("a breach"), the
24 USAO may declare this agreement breached.  All of defendant's
25 obligations are material, a single breach of this agreement is
26 sufficient for the USAO to declare a breach, and defendant shall not
27 be deemed to have cured a breach without the express agreement of
28 the USAO in writing.  If the USAO declares this agreement breached,

1    and the Court finds such a breach to have occurred, then: (a) if

2    defendant has previously entered a guilty plea pursuant to this

3    agreement, defendant will not be able to withdraw the guilty plea,

4    and (b) the USAO will be relieved of all its obligations under this

5    agreement.

6        25.   Following the Court's finding of a knowing breach of this

7    agreement by defendant, should the USAO choose to pursue any charge

8    that was either dismissed or not filed as a result of this

9    agreement, then:

10        a)   Defendant agrees that any applicable statute of

11   limitations is tolled between the date of defendant's signing of

12   this agreement and the filing commencing any such action.

13        b)   Defendant waives and gives up all defenses based on

14   the statute of limitations, any claim of pre-indictment delay, or

15   any speedy trial claim with respect to any such action, except to

16   the extent that such defenses existed as of the date of defendant's

17   signing this agreement.

18        c)   Defendant agrees that: (i) any statements made by

19   defendant, under oath, at the guilty plea hearing (if such a hearing

20   occurred prior to the breach); (ii) the agreed to factual basis

21   statement in this agreement; and (iii) any evidence derived from

22   such statements, shall be admissible against defendant in any such

23   action against defendant, and defendant waives and gives up any

24   claim under the United States Constitution, any statute, Rule 410 of

25   the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

26   Criminal Procedure, or any other federal rule, that the statements

27   or any evidence derived from the statements should be suppressed or

28   are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

26. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise

15

1  regarding the sentence defendant will receive, except that it will
2  be within the statutory maximum.

3                    NO ADDITIONAL AGREEMENTS

4     29.  Defendant understands that, except as set forth herein,
5  there are no promises, understandings, or agreements between the
6  USAO and defendant or defendant's attorney, and that no additional
7  promise, understanding, or agreement may be entered into unless in a
8  writing signed by all parties or on the record in court.

9          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

10    30.  The parties agree that this agreement will be considered
11 part of the record of defendant's guilty plea hearing as if the
12 entire agreement had been read into the record of the proceeding.

13 AGREED AND ACCEPTED

14 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
   ANDRÉ BIROTTE JR.
16 United States Attorney

17

18 _____          __12/5/13_____
   LANE DILG                            Date
19 Assistant United States Attorney

20 _____          __12/3/13_____
21 RALPH ALLEN JACKSON, JR.             Date
   Defendant
22

23 _____          __12/3/13_____
   REUVEN COHEN / NEHA MEHTA            Date
24 Attorney for Defendant
   Ralph Allen Jackson, Jr.
25

26

27

28

                          16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          12|3|13
RALPH ALLEN JACKSON, JR.                Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am RALPH ALLEN JACKSON JR.'s attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          _____
REUVEN COHEN / NEHA MEHTA               Date  12/3/13
Attorney for Defendant
Ralph Allen Jackson, Jr.

18